# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1341

_____

United States,                                    *
                                                  *
            Appellee,                             *
                                                  *   Appeal from the United States
      v.                                          *   District Court for the
                                                  *   Western District of Missouri.
Damien A. Carter, also known as                   *
Boo-Bear LNU,                                     *   [UNPUBLISHED]
                                                  *
            Appellant.                            *

_____

Submitted:  December 3, 2007
Filed:  December 4, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

      Damien Carter pleaded guilty to possession with intent to distribute more than
50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; to
possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C.
§ 924(c); and to a forfeiture count.  The district court[1] sentenced Carter to consecutive
prison terms of 121 months on the drug charge, 60 months on the firearm charge, and
two concurrent 5-year terms of supervised release.  Carter's counsel has moved to

_____

      [1]The Honorable Ortrie D. Smith, United States District Judge for the Western
District of Missouri.

withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred by not allowing Carter to withdraw his guilty plea because his prior counsel failed to investigate the legality of a search and seizure. We affirm.

After a careful review of the record, we conclude the district court did not abuse its discretion by refusing to allow Carter to withdraw his plea. <u>See</u> <u>United States v. Gray</u>, 152 F.3d 816, 819 (8th Cir. 1998) (although defendant seeking to withdraw plea before sentencing is given more liberal consideration, he has no absolute right to do so, and decision to deny motion is in district court's sound discretion); <u>United States v. Wicker</u>, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review; court may grant motion to withdraw guilty plea if defendant files such motion before sentencing and establishes fair and just reason for withdrawing plea). The plea transcript shows that Carter's plea was knowing and voluntary, that he had had specific discussions with his counsel regarding the search and seizure, and that he understood the unlikelihood of a successful motion to suppress. <u>See</u> <u>United States v. Bahena</u>, 223 F.3d 797, 806-07 (8th Cir. 2000) (when defendant stated at plea hearing he understood, later conclusory claim that he did not rings hollow); <u>Weisberg v. Minn.</u>, 29 F.3d 1271, 1278 (8th Cir. 1994) (to prove that plea is not knowing and voluntary, defendant must show that he did not make a "'voluntary and intelligent choice among the alternative courses of action'") (internal citation omitted); <u>see also</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). To the extent Carter is arguing that his counsel was ineffective, he must raise this argument in a 28 U.S.C. § 2255 motion. <u>See</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance-of-counsel claim should be raised in § 2255 motion).

Upon review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion, and we affirm.

_____